RABURN
v.
SHORTRIDGE.

## RABURN v. SHORTRIDGE.

A judgment by default having been rendered against *A.*, on a note previously execut-
ed by him to *B.*, the former filed a bill in chancery to enjoin the judgment—stating
the note to have been given, and the judgment rendered, on a certain condition which
had not been complied with. The answer, which was supported by the depositions,
denied the complainant's allegations. *The Court* dismissed the bill.

The want or failure of consideration is a good defence to an action at law on a note;
but if the defendant neglects to make this defence, and suffers judgment by default,
he cannot, without a strong case, be relieved in chancery.

If land devised be afterwards sold by the devisor to a stranger, the devisee takes no-
thing by the devise.

*Thursday,*
*November 24.*

APPEAL from the *Montgomery* Circuit Court.

M'KINNEY, J.—This is a suit in equity. On final hearing
upon bill, answer, and depositions, an injunction granted was
dissolved, and ten *per cent.* decreed upon the judgment enjoin-
ed, with costs, &c. From that decree the complainant has ap-
pealed.

The bill charges that the complainant, on the 17th day of
*December,* 1825, executed a note to the defendant for the sum
of 100 dollars, upon which judgment was rendered against him
by default at the *September* term, 1826, of the *Montgomery* Cir-
cuit Court; that the note was given, and the judgment ren-
dered, upon the express condition that the defendant should, as
soon as judgment was rendered, join with his wife in the con-
veyance of 121 acres of land to one *Joseph Corbett;* that said
land was devised to *Emily Heath,* now the wife of the defen-
dant, by the will of *William Nicholson,* deceased, dated the 11th
of *September,* 1822, and directed to be conveyed to her by *John
Raburn,* sen'r.; that after said devise, the testator sold the
land to *Joshua Baxter,* by whom it was sold to *Joseph Corbett,*
who was to receive a deed from *John Raburn,* sen'r. upon the
death of the testator; that the testator, in lieu of the land
devised to *Emily Heath,* entered 100 acres which were given to
her; that the defendant and his wife have refused to receive
a deed from *John Raburn,* sen'r., according to the will of the
testator, to prevent a title being made to *Corbett;* that the
complainant purchased of the wife of the defendant the 100
acres of land given to her by *William Nicholson,* deceased, and

received a deed for the same; that at the time of the purchase, he gave the defendant the note for 100 dollars, in consideration that he and his wife should receive a deed from *John Raburn*, sen'r. for the 121 acres devised by *William Nicholson*, and convey the same to *Baxter*, to enable him to convey to *Corbett;* that the defendant had an execution issued on the judgment against the complainant, and that it was levied on his land; and prays an injunction.

The defendant answering, positively denies that the consideration of the note, upon which the judgment was rendered, was that stated by the complainant, but says that the note was given for his wife's share, as one of the heirs of *William Nicholson*, deceased, of a lot of land entered by said *Nicholson*, and which he and his wife sold and conveyed to complainant. He denies that he knew of the sale by *Nicholson* of 121 acres of land to *Baxter*, or of the sale by *Baxter* to *Corbett;* denies that he had any knowledge of 100 acres of land being given to his wife, in lieu of the 121 acres to be conveyed to her by *John Raburn*, sen'r.; denies his refusing to receive a deed from *John Raburn*, sen'r., to prevent a title being made to *Corbett*. But he says that some considerable time after the rendition of the judgment against the complainant on the note for 100 dollars, a deed of some kind was shown to him which he refused to receive, having previously given authority to an agent to receive a deed from *John Raburn*, sen'r. who lived in the state of *Ohio*.

It is well settled, that when relief is asked in a Court of chancery, the bill, on its face, should present a case founded on some of the grounds of its jurisdiction, which will warrant its interposition. The Court cannot delve into extrinsic matter, or create an issue *dehors* the pleadings of the parties, to sustain a bill or afford relief. This remark arises from an examination of the depositions taken in this case. They are contradictory, and embrace matter most of which is entirely inapplicable and irrelevant to the issue before us. The same directness of testimony, required in an issue at law, is necessary in an issue in chancery. The rules of evidence are the same in both Courts. In neither, can you support an issue by testimony extrinsic and foreign to it. Thus tested, it is obvious that little of the testimony in this case is properly applicable to it.

If the note complainant executed was without considera-

tion, or the consideration failed, the want or failure of consideration would have been a good defence at law. *Leonard* v. *Bates*, 1 Blackf. Rep. 172. If the defendant, instead of availing himself of such defence, waives it, and suffers judgment to go against him by default, a strong case must be made out, or a Court of chancery will not interfere. *Clay &c.* v. *Fry*, 3 Bibb, 248. We think that, in the examination of the bill, no such case is presented. There appears a palpable incongruity in the allegation of the complainant, "that the note was given, and the judgment rendered, upon the express condition and understanding that the defendant should, as soon as the judgment was rendered, join with his wife in the conveyance of 121 acres of land to one *Joseph Corbett*," &c. It would seem from this allegation, that the execution of the note and the rendition of the judgment were simultaneous. This is, however, opposed by the previous statement, that the note was executed on the 17th of *December*, 1825, and the judgment rendered in *September*, 1826. It may be asked, was the note executed with a view to the judgment by default, and was the consideration of such judgment a constituent part of the consideration of the note? If the consideration of the note, and that for the judgment by default, were distinct, the question arises, is the equity relied on founded on the failure of the consideration of the note, or upon the non-performance of the condition inducing the rendition of the judgment? If upon the failure of the consideration of the note, we do not think the complainant has offered a sufficient cause to justify the interposition of a Court of equity. He had an available defence at law and neglected to use it. *Vigilantibus non dormientibus leges subveniunt.* If the relief asked is predicated upon the latter, in the absence of fraud, and fraud is not specifically charged in the bill and is not to be presumed, the complainant is not entitled to it.

Another allegation in the bill may, however, aid in the application of that just noticed. It is the allegation, "that the consideration of the note was, that the defendant and his wife should receive a title from *John Raburn*, sen'r. to the 121 acres of land, and convey the same to *Baxter*, to enable him to convey to *Corbett*, under the agreement made by *William Nicholson* in his life-time with said *Baxter*." Here is another consideration alleged for the note. In this, the rendition of a judgment

upon the note is not intimated as inducing its execution. These allegations are at variance with each other. The conclusion to which we are brought by the examination of the first, is not changed by that of the latter.

The complainant also alleges, that he purchased the interest of the defendant's wife in the 100 acres of land given to her by *William Nicholson*, and received a conveyance of it from the defendant and his wife; that the note was given, at the time of the purchase and conveyance executed, for a consideration distinct from the purchase. He, however, does not state what consideration, if any, he gave for that interest. A conveyance of land is always predicated upon a consideration. Such consideration may be either good or valuable. The complainant purchased and received a conveyance of the defendant's wife's share of the 100 acre tract, but is silent as to the consideration.

The reference to the will of *William Nicholson* does not strengthen the complainant's case. A will is without effect until the death of the testator. If *William Nicholson*, by his will in 1822, devised land, the interest of the devisee would be divested by a sale subsequently made by him. Such a devise is charged to have been made to *Emily Heath*, the wife of the defendant, and a sale to have been subsequently made to *Baxter*. If the sale was made and was valid, the devise to *Emily Heath* became inoperative, and, as far as we can perceive, her agency was not necessary to confirm the title of the testator's vendee. If the agreement between the testator and *Baxter* was parol, such acts may have been mutually performed, as would have taken the case out of the operation of the statute of frauds—and have enabled its enforcement. The right to enforce would have been incident to the agreement, and not have attached to the devise by the vendor. The bill does not show whether the agreement between *William Nicholson* and *Baxter* is subsisting and in force, or abandoned.

The positive denial of the answer, and the consideration stated, are fully sustained by the depositions of *James Still* and *Morgan Shortridge*, witnesses to the execution of the note and of the conveyance of the land which the complainant alleges he purchased of defendant's wife. These witnesses are unim-

Nov. Term, peached. Their testimony is entitled to great weight. The
1831. decree of the Circuit Court must be affirmed.

PENNYBAKER     *Per Curiam.*—The decree is affirmed, with 3 *per cent.* dama-
v.           ges and costs.
THE STATE.

Kinney, for the appellant.

*Fletcher*, for the appellee.

