## COOPER *v.* BUTTERFIELD.

A court of chancery will not interfere to correct a clerical mistake made by the clerk in entering a judgment of a court of law; nor to restrain proceedings for the enforcement of the judgment—except that perhaps, in a case of emergency, where an execution has issued in vacation and a levy and sale are threatened, a temporary injunction might be granted to restrain the proceedings until the next term, to give the party an opportunity to make his application to the Court that rendered the judgment to correct the alleged mistake.

ERROR to the *Allen* Circuit Court.

*Friday,
December 2.*

ROACHE, J.—*Butterfield* filed a bill in chancery against *Cooper*, and one *Johnson*, who died pending the suit, for the purpose of obtaining an order restraining them from levying an execution issued upon a judgment at law.

The bill alleges, that at the *July* term, 1846, of the *Allen* Circuit Court, the State of *Indiana*, on the motion of *Cooper* and *Johnson*, had an attachment for an alleged contempt issued out of said Court, and served on the complainant, from which he was, at the same term, dis-

Nov. Term, 1853.

COOPER
v.
BUTTERFIELD.

charged without the payment of costs. The ground of the relief sought for was, that the clerk, in making the entry on the record, by mistake, entered up a judgment against the complainant for the costs of the attachment; and that *Cooper* and *Johnson* had caused an execution to be issued on such erroneous judgment, and placed in the hands of the sheriff for collection.

An injunction was granted by the president judge in vacation. At the subsequent term, the defendants below moved a dissolution, but the motion was overruled.

The defendants then answered, denying all the substantial parts of the bill, and insisting that the judgment was correctly entered.

The cause went to a hearing, and the injunction was made perpetual.

This was erroneous. If the entry were erroneous, the Court which rendered the judgment had ample power to correct it. The bill alleges no reason, and the evidence shows none, why the complainant below could not have availed himself of the power of the Court of law, to correct the mistake, if any could be shown to exist, according to the usage and practice of that Court. He might have made his motion for that purpose, and, if improperly overruled, this Court was open to him to revise the decision. A court of chancery will not interfere to correct a clerical mistake made by the clerk in the entry of a judgment of a court of law; nor to restrain proceedings for the enforcement of such judgment. 3 Dan. Ch. Pr. 1840.—*Raburn* v. *Shortridge*, 2 Blackf. 480.—*The State Bank of Indiana* v. *Young* and others, 2 Ind. R. 171.

In case of an emergency, when an execution was issued in vacation, and a levy and sale were threatened, it would, perhaps, be competent to grant a temporary injunction to restrain the proceedings until the next term, to give the party an opportunity of making his application to the Court rendering the judgment, for the correction of the alleged mistake.

*Per Curiam.*—The decree is reversed with costs.

*H. Cooper*, for the plaintiff.

*W. March*, for the defendant.