SABIN D. PUTERBAUGH, Plaintiff in Error, *v.* JOSEPH ELLIOTT *et al.,* Defendants in Error.

ERROR TO TAZEWELL.

If a respondent neglects to join in a demurrer to a bill, but argues it, it will be intended that the issue of law was made up.

It is not error to dismiss a bill, on demurrer, if it is without equity. If the equities are defectively stated, the bill may be retained for amendment.

A party aggrieved has a remedy at law to compel a sheriff to correct an omission in a certificate of sale of lands made by him.

THIS was a bill in chancery to correct an indorsement of levy, and certificate of purchase given by a sheriff.

The bill alleges that Field, Benedict & Co. recovered a judgment against Joseph Elliott and Rufus Elliott at the April term, 1857, of Tazewell Circuit Court; and that, by virtue of an execution issued on said judgment, the sheriff of said county *duly advertised* and *sold* the following premises, on the 1st day of August, A. D. 1857, as the property of said Joseph Elliott, to wit: "Beginning seven chains and sixty-two links north of the south-west corner of the north half of the north-east quarter of section number two, township number twenty-four north, of range five west of third principal meridian; thence running north four chains and forty-seven links, to a post; thence east four chains and forty-seven links; thence south six chains and forty-seven links, to a post; thence north seventy degrees west, four chains and seventy-seven links, to place of beginning, in Tazewell county, Illinois." And that Field, Benedict & Co. became the purchasers of the same; and that the sheriff executed to them a certificate of purchase; but that the sheriff, in describing the premises sold, made a clerical error in said certificate, by leaving out the north boundary of the same.

The bill further alleges that the premises were correctly advertised and sold; and that Chapman Williamson, one of the defendants, was sheriff of said county at the date of said sale; and that the sheriff committed a clerical error in making the indorsement of the levy on said execution, leaving out the north boundary, as in his certificate of purchase.

The bill further states that, at the April term, 1858, of the Circuit Court of said Tazewell county, one Rhoda McIntire obtained a judgment against Joseph Elliott, one of the defendants to the bill; and that said Rhoda McIntire, as judgment creditor of said Joseph Elliott, caused to be sued out of said court an execution founded on said judgment, and placed the same in the hands of said sheriff; and that the same was levied

òn the said premises, on the 2nd day of August, 1858 ; and that she then paid into the hands of said sheriff $620.30, in full of the redemption of said premises, from the sale made in favor of Field, Benedict & Co., on 1st August, 1857 ; and that a certificate of redemption was duly filed ; and that in pursuance of law, said sheriff advertised said premises for sale, and sold the same on the 10th day of September, 1858 ; and that complainant, Puterbaugh, became the purchaser thereof ; and that a certificate of purchase was executed to him, stating that he would be entitled to a deed in 60 days unless the same were redeemed in the meantime.

The bill states that said premises were not redeemed ; and thereupon the sheriff executed to said Puterbaugh a deed for the premises so sold, in pursuance of the statute in such case made and provided.

The bill further alleges that the said complainant is in actual possession of said premises, holding under and by virtue of said sheriff's deed.

The bill alleges that the clerical errors above mentioned cloud the title of said premises; and that complainant, by reason thereof, might find it difficult to sell or dispose of the same ; and also alleges that said Joseph Elliott well knew that the said premises were sold on the 1st day of August, 1857, to Field, Benedict & Co.; and knew when the redemption would expire thereon ; and knew of the errors aforesaid.

The bill asks for a correction of the errors aforesaid.

The defendant, Joseph Elliott, filed a general demurrer to the bill; in which complainant joined. The demurrer was sustained, and bill dismissed.

The complainant assigns for error, the ruling of the court below on the demurrer, and contends that the demurrer ought to have been overruled ; and that the court erred in dismissing the bill.

A. L. DAVISON, for Plaintiff in Error.

B. S. PRETTYMAN, and J. ROBERTS, for Defendants in Error.

BREESE, J.    The object of the bill in this case, was to correct a mistake of a ministerial officer, not of contracting parties, which they may have inadvertently made.

A demurrer was interposed and on argument the bill was dismissed and an appeal taken, and now upon the appeal, the appellant says there was no formal decision upon the demurrer— it was neither overruled nor sustained. Of what consequence is that ? Did the complainant join in demurrer ? This was his

Puterbaugh *v.* Elliott et al.

duty, and if he omitted that, and chose to argue the demurrer, it will be intended the issue of law was made up, and a decree, dismissing the bill is a decision upon the demurrer, and it is not error, where a bill has no equity upon its face, to dismiss it on demurrer. Having no equity, it is incapable of amendment. The rule is different when a good case is presented by the bill though defectively stated. In such cases, the bill is retained for proper amendments.

But it is insisted there is equity in the bill, and complainant was entitled to the relief for which he prayed. The argument used in support of this idea, shows if there be equity in the bill, still a court of equity cannot interfere in the case. The argument is, a court on motion would grant, or even compel the amendment to the return and certificate where the interests of third persons are concerned. If this be so, then the complainant has mistaken his remedy. His relief is at law, by motion in the court from which the *fi. fa.* issues, after notice to the sheriff and to the parties in interest, and where an adequate remedy exists at law, courts of equity do not interfere, and for this reason, the bill was properly dismissed. The case referred to by complainant was a case like this where the remedy was afforded at law. The sheriff, under a *fi. fa.* had sold three parcels of land belonging to the defendant to one of the plaintiffs, but in his certificate of sale, had, by mistake, omitted one of the parcels. The court, on motion, in behalf of the purchaser, ordered the sheriff to amend his certificate by inserting therein that he had sold the parcel omitted. *Smith & Reilay* v. *Hudson*, 1 Cowen, 430.

There is no such mistake here, as a court of equity can be called upon to reform. An adequate remedy exists at law, and to a court of law, must the complainant resort. *Hamilton* v. *Shrewsbury*, 4 Randolph, 427 ; *Cooper* v. *Butterfield*, 4 Ind. 423. Courts of equity have no jurisdiction in such cases.

The judgment of the court below dismissing the bill, is affirmed.

*Judgment affirmed.*