## OLIVER MARCH

### *v.*

## JOHN MAYERS *et al.*

1. AMENDMENTS—*in chancery, generally.* The question of amendments in chancery proceedings, is one very much in the discretion of the court, if there be no peremptory rule of practice, whether such rule be prescribed by statute, or is founded in the general usage and practice of courts of equity.

2. SAME—*of bill after demurrer.* Where a demurrer going to the whole merits of a bill in chancery, is sustained for want of equity, it is not the practice to allow amendments so as to make a new case with new parties.

3. LIMITATION—*on bill to foreclose.* Where an action at law upon a note is barred by the Statute of Limitations, no foreclosure can be had of a mortgage given to secure its payment.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in chancery, exhibited in the court below, on the 29th day of June, 1872, by William J. Mayers and Linus Graves, to foreclose a mortgage.

It appears that, on the 20th day of February, 1856, John Mayers, as principal, and William J. Mayers and Linus Graves, as sureties, gave their promissory note to Oliver March, for $858, payable with interest. In order to indemnify his said

sureties against any liability upon that note, John Mayers executed to them the mortgage sought to be foreclosed.

The bill alleges that the note remains wholly unpaid. It also appears that, since the making of the note, Linus Graves and John Mayers have received their discharge in bankruptcy, and William J. Mayers, by the payment to March, the payee of the note, of the sum of $150, was fully released by March from any further liability to him.

Upon a demurrer to the bill being sustained, an amended bill was filed, and subsequently a further amended bill. The latter was stricken from the files, and, upon demurrer to the first amended bill, the same, together with the original bill, was dismissed. March, who was brought in as a co-complainant by amended bill, appealed.

Mr. GEORGE O. ROBINSON, and Mr. M. W. PACKARD, for the appellant.

Mr. WALTER M. HATCH, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case rests upon no good or equitable foundation. The question of amendments in chancery proceedings, is one very much in the discretion of the court, if there be no peremptory rule of practice limiting that discretion, whether such rule be prescribed by statute, or is founded in the general usage and practice of courts of equity. We believe it to be a rule in chancery, when a demurrer going to the merits of the whole bill is sustained for want of equity, it is not the practice to allow amendments so as to make a new case with new parties. *Verplanck* v. *Merchants' Ins. Co.* 1 Edw. Ch. 46; *Pratt* v. *Bacon,* 10 Pick. 123; *Puterbaugh* v. *Elliott et al.* 22 Ill. 157.

We fail to perceive any reason for reversing this decree. The note in question was executed on February 20, 1856, and suit commenced to foreclose the mortgage given to secure the payment of the same, July 17, 1872, some months after the time limited for bringing an action upon the note. As the note is the principal debt, that falling, the mortgage also falls.

But the note, on other grounds, could not be collected, for the reason, the makers of it had been discharged from its payment,—William J. Mayers, by the payment of one hundred and fifty dollars in discharge thereof, and John Mayers and Linus Graves, the other payors, by proceedings in bankruptcy. John Mayers was the maker of the note, and William J. Mayers and Linus Graves were the sureties, and though, as sureties, they could claim to be subrogated to all the rights of the payee on their paying the debt, yet, as they never have paid it, and are not bound to pay it, they can have no standing in a court of equity.

The lien created by this mortgage having expired by the death of the note, equity affords no means of reviving and enforcing it.

The decree of the circuit court is right, and must be affirmed.

*Decree affirmed.*