BROOKS TRANSPORTATION COMPANY, INC., *v.* MERCHANTS MUTUAL CASUALTY COMPANY.

(*June* 12, 1933.)

RODNEY, J., sitting.

*William Prickett* for plaintiff.

*James R. Morford* and *Arthur G. Logan* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, Action of Assumpsit, No. 201, March Term, 1933, on an automobile

insurance policy, not under seal, by a third person who had procured judgment against the agent of the person insured by such policy.

RODNEY, J., in charging the jury, said:

This is an action brought by Brooks Transportation Company, Inc., a Virginia corporation, the plaintiff, against the Merchants' Mutual Casualty Company, a New York corporation, the defendant.

The facts are somewhat complicated and as many of them are admitted by the parties, I will state them as clearly as I can.

The suit is brought by the plaintiff against the defendant to recover the sum of $5,000 which it alleges is due to it by reason of an insurance policy issued by the defendant company to one Joseph Scolaro, covering property damage sustained by the plaintiff by reason of an automobile collision on or about June 18, 1932.

The case arises upon the following facts:

Brooks Transportation Company, by its agent, was operating its automobile truck between Wilmington and Philadelphia on the eighteenth day of June, 1932, in a southerly direction, and an automobile truck owned by Joseph Scolaro, and driven by George W. Schoolden, which was insured in the defendant company, was proceeding in a northerly direction on said road; as the two cars approached Naaman's, near the northerly boundary of Delaware, they came into collision, alleged to have been due to the negligent operation of his truck by Schoolden and the trucks being locked together and Schoolden's truck having caught on fire, the automobile truck owned by the plaintiff was totally destroyed by fire.

Brooks Transportation Company brought suit against Schoolden and on February 2, 1933, obtained a judgment upon a verdict by the jury for the sum of $5,000; on this

judgment an execution was issued, being No. 255 to the March Term, 1933, and was returned on the same day, March 4, 1933, *nulla bona,* which is the legal method of stating that the defendant had no goods in this jurisdiction from which the judgment could be satisfied in whole or in part.

The policy upon which this present suit is brought provides, among other things:

"Paragraph A. Any person * * * legally operating (the automobile mentioned in said policy) while such automobile is being used as described in Paragraph 1, shall be deemed to be included within the meaning of the word 'assured.'"

Under this provision it is claimed that the defendant company was liable for the acts of Schoolden, he being authorized to use said truck.

The policy also contained the provision that no action should be brought against the company until after a final judgment had been rendered and the amount actually paid by the defendant in said judgment.

Schoolden did not pay the judgment recovered in the former action, but the policy provides:

"In the event, however, of the insolvency or bankruptcy of the 'assured' such insolvency or bankruptcy shall not release the company from the payment of damages * * * for loss occasioned during the life of the policy. If, because of such insolvency or bankruptcy, an execution against the assured is returned unsatisfied in an action brought by the injured * * * then an action may be maintained by the injured person * * * against the company under the terms of the policy for the amount of the judgment in said action."

Under this provision it is contended that the judgment against Schoolden having been returned *nulla bona* that the action would lie against the defendant company under the policy.

The declaration or statement of claim of the plaintiff consists of two counts, but the details of said counts are not particularly material for your consideration.

The defendant concedes that the policy was issued; that the accident took place; that the judgment was obtained by the present plaintiff against Schoolden and that it has remained unsatisfied.

The defendant, however, denies any liability in the action and resists the payment upon several grounds, some of which constitute interesting and important questions of law.

The defendant denies that the present plaintiff has any cause of action against the defendant. It also denies, as a matter of law, that the execution proven in this case with its return is a sufficient compliance with the terms of the policy.

The defendant contends that the policy also included a material provision stipulating that the automobile truck covered by the policy would be "principally used" in the city of Baltimore; that this provision constituted a promissory warranty; that it was not fulfilled by the insured, but on the contrary the truck was principally used in long distance hauling from Baltimore to New York; that this constituted a breach of the policy and, therefore, no recovery could be had thereon.

The defendant also contends that there is no liability on the company because Schoolden, who is regarded as standing in the place of the assured under the policy, did not co-operate with the company in the trial of the former action.

The defendant contends that it was not obligated to pay the judgment against Schoolden because the policy provides in paragraph E, among other things, the assured "shall at all times render to the company all co-operation and assistance within his power."

The defendant contends that Schoolden in his reports of the accident to the company and to the company's counsel in the preparation of the case presented one state of facts

and upon the witness stand in the former action testified to a different state of facts and that this change of testimony was a failure of co-operation provided for by the policy.

I shall, as concisely as I can, give some of the legal contentions and express to you, as clearly as may be, the law applicable thereto.

I have been asked to instruct you to find a verdict for the defendant upon a number of grounds:

First. That there is no cause of action in the present plaintiff against the defendant.

This is based upon the thought and argument that the contract being purely between the defendant company and Scolaro that it was a contract *inter partes* and that the party to sue is the person named in the policy. I cannot grant a motion for binding instructions upon this ground. While it is true that in *Jones v. Buck*, 4 *Boyce* (27 *Del.*) 546, 90 *A.* 86, and in *Merchants' Union Trust Co. v. New Phila. Graphite Co.*, 10 *Del. Ch.* 155, 87 *A.* 1022, it was determined that in a sealed instrument the parties named in the instrument were the only parties having a suable interest, yet it is not disclosed in those cases that the instrument itself constituting the contract between the parties expressly provided that under certain contingencies a third party would have the right to sue.

It was held in Board of Public Education in Wilmington, for use of *Ketcham v. Aetna Cas. & Surety Co.*, 4 *W. W. Harr.* (34 *Del.*) 355, 152 *A.* 600, that where the contract between the parties expressly stipulated that under certain conditions other parties might have and exercise a suable interest and it appearing in the present case that other parties besides the insured might, under certain conditions, have a right of action and as it is contended that these conditions have been met, the motion upon this ground is refused.

 2. The defendant has also asked for binding instructions upon the ground that the evidence in the case does not disclose that the return of the execution issued in the case of Brooks Transportation Company against Schoolden was returned unsatisfied "because of the insolvency or bankruptcy" of Schoolden. The return of the Sheriff, *nulla bona,* indicates, and, until set aside, establishes, that the defendant had at the time no goods within the jurisdiction of the sheriff which would be applicable to the satisfaction of the judgment or any part thereof. Testimony has been admitted showing that Schoolden was insolvent or at least had no property at any time after the rendition of the judgment from which the judgment could be paid in whole or in part. The effect of the provision of the policy is to give to a person who has sustained damages a cause of action against an insurer for the same relief that would be due to a solvent principal or insured person who is seeking indemnity and reimbursement from the insurance company after a judgment against him had been satisfied. I, therefore, cannot grant the binding instructions upon this ground.

 3. The defendant has also requested binding instructions because it states that the evidence discloses a breach by the assured (Scolaro) of his warranty that the automobile covered by the policy would be principally used in the city of Baltimore; whereas, it is contended it was principally used in long distance hauling between Baltimore and New York. I cannot grant the request for binding instructions on this ground because the reasons covered by this request include several questions of fact for your determination. If you should determine, from the evidence, that this warranty was broken by the assured and that the breach has not been waived by the defendant, then such breach would constitute a defense and the plaintiff could not recover. The question as to whether there has been a breach of warranty is a question for the jury and this is

especially true as in this case where it involves the language here used. The use of the truck is restricted "principally" to Baltimore. This word "principally" is a relative term and its meaning and the breach or compliance with the policy must depend upon the evidence and, therefore, becomes a question for the jury.

It is contended by the plaintiff that the agents of the defendant knew at the time of the issuance of the policy that the truck covered by the policy was to be used in long distance hauling between Baltimore and New York. This evidence will be considered by you in determining the reliance to be placed by the defendant upon that provision of the policy. I do say, however, that if the provision be determined by you as having been agreed to by the parties and that it was broken by the assured and that this breach has not been waived, then the defendant would be entitled to rely upon such breach and there could be no recovery. Ordinarily, any misrepresentation[1] bringing about the issuance of the policy upon reduced premium rate where a larger premium rate would be due if the misrepresentation had not been made is a material one.

The plaintiff, however, contends that the defendant has waived the right to rely upon this warranty and breach thereof, if such exists, upon several grounds. It contends that this defendant company defended the suit brought against Schoolden eight months after the accident and that it was in its power to ascertain all of the facts as to the operation of the truck at that time and that its failure to do so operates as a waiver. In other words, the plaintiff contends the defendant, having the means of knowledge, cannot defend the suit upon its merits and having been unsuccessful in said defense then resort to an

---

[1] See *Washington Fidelity Nat. Ins. Co. v. Kowalczek*, 5 *W. W. Harr.* (*35 Del.*) 158, 160 *A.* 872.

alleged breach of the policy which it might have discovered and which is contended invalidates the policy.

I say to you that if the company knew, or you should find from the testimony, ought or could have known of the breach of the policy by Scolaro, with reference to the use of the truck for long distance hauling, prior to the time of the trial of the Schoolden case; and you should further find that the defendant company continued to defend said suit after its knowledge of the breach of warranty by Schoolden or after the time when the company should have known of said breach, then the company would not be entitled to rely upon said breach as a defense to this action. *Malley v. Amer. Indemnity Corp.*, 297 *Pa.* 216, 146 *A.* 571, 81 *A. L. R.* 1322.

If you should determine from the evidence that the insured told the insurance company, or one of its agents, that the truck in question was to be used in long distance hauling between Baltimore and New York, or stated such facts from which this knowledge was bound to have been possessed by the defendant, and if you believe that the statement in the insurance policy that the truck was to be used principally in Baltimore was a mistake due to the error or intentional fraudulent act of the agent of the insurance company, then such mis-statement would not avoid the policy because it would not be a mis-statement of the insured, but an act of the agent of the insurance company.

The plaintiff also contends that the defendant has waived its right to rely upon the breach of warranty or material representation as to the use of the truck principally in Baltimore because the plaintiff says that the defendant in its letter of renunciation of any liability under the policy dated February 4, 1933, and admitted in evidence, only gave as its ground for renouncing its liability the failure of Schoolden or Scolaro to co-operate with the company. *Killeen v. Gen., etc., Corp.*, 131 *Misc.* 691, 227

*N. Y. S.* 220; *Littlejohn v. Shaw,* 159 *N. Y.* 188, 53 *N. E.* 810. I say to you that when a company renounces its liability upon a policy and gives the reasons therefor, the reasons mentioned by the company are deemed to be exclusive and it cannot thereafter at the trial rely upon others. This statement, however, embraces only those reasons within its knowledge or as to which it had the means of acquiring knowledge at the time of its expression of reasons for renouncing its liability.

If you should find from the evidence that at the time the defendant renounced its liability under the policy by reason of the failure of Schoolden to co-operate with it, it knew, or by the exercise of reasonable diligence could have known of any breach of policy by Scolaro as to .the use of the truck in Baltimore and did not embrace said latter breach as a ground of its renunciation, then it would be deemed to have waived, but if at the said time of its renunciation the defendant did not know or from circumstances could not have known of the breach as to the use of the truck in Baltimore, then the defendant would not be construed to have waived said defense.

■■ A waiver is often defined to be an intentional relinquishment of a known right.[1] If the right be not known there can be no intentional relinquishment of it.

■■■ The plaintiff also contends that the defendant is precluded from raising any objection to the maintenance of the suit by reason of the breach of the warranty that the truck should be principally used in Baltimore, because plaintiff says that the defendant retained a portion of the premium for the period including the time of the happening of the accident and thereby asserted the validity of the policy for the period covered by the premium retained and

---

[1] *Keil Motor Co. v. Royal Ins. Co.,* 6 *W. W. Harr.* (36 *Del.*) 24, 170 *A.* 201.

definitely waived every objection on which the validity of the insurance contract could be denied.

The plaintiff contends that the contract could not be affirmed in part and rejected in part; that it could not be valid and void at the same time and that the defendant has charged and retained the premium for the full time it was in force and during which time the accident happened and because it still retains this premium it cannot say that the policy was void. *Neat v. Miller*, 170 *Wash.* 625, 17 *P.* (2d) 32, *at* 34.

I say to you that when an insurance company has knowledge of a breach of a promissory warranty prior to a loss occurring on the thing insured and the company then cancels the policy and retains a portion of the premium, being the premium for the time the policy was in force, then and in such case the company having knowledge of the breach, is deemed to have asserted the validity of the policy at the time of loss and to have waived the right to deny liability on the policy by reason of the breach.

Where, however, the company at the time of the cancellation of the policy had no knowledge of the breach of warranty then the company may or may not, according to the circumstances, by reason of the retention of the earned portion of the premium be deemed to have waived its right to rely upon the breach of warranty.

In such case, it becomes a question for the jury to determine whether or not the mere retention of the earned portion of the premium was intended to operate as a waiver of the breach of the condition of the policy, or whether the retention of the premium after knowledge of the breach constituted the mere indebtedness for the amount of the retained premium. The underlying principle is that the company in relying upon the breach of the warranty as a defense to the policy, must take the earliest opportunity available to it to renounce its liability by reason of the breach.

In determining the effect of the retention of a portion of the premium, being the earned portion as constituting a waiver of the breach of the policy, the jury is entitled to consider the fact that said portion of the premium was retained after knowledge of the breach and the full period of retention and whether or not such retained unearned portion of the premium has, in fact, ever been returned.

In the present case the defendant denies that its retention of the earned premium could have any effect as a waiver of its right to rely upon the breach of the condition that the truck was to be used principally in Baltimore and not to be used in long distance hauling between Baltimore and New York. The defendant contends that the earned premium retained by it was retained solely to maintain the validity of the policy if the truck was used principally in Baltimore. It is for you to determine from all the evidence in the case whether the retention of the earned premium constituted a waiver of the right of the defendant to rely upon the breach of the condition of the policy if such breach has been shown. In arriving at this conclusion, you may take into consideration the time of the acquisition by the company of the knowledge of the breach if such there was, and the intent of the company in the retention of premium, and all matters to be considered in connection with the law applicable thereto.

4. The defendant has also asked for binding instructions because it says that the testimony clearly shows that Schoolden who stood in the place of Scolaro, the original assured, violated a material provision of the policy which provides that "the assured shall at all times render to the company all co-operation and assistance within his power."

This request for binding instructions cannot be given.

The question of whether the insured's failure to co-

operate was sufficient to void the policy is a question of fact for the jury to determine.

The plaintiff denies that there has been shown any lack of co-operation and insists that the testimony first given in the former trial was in conformity with the information given by Schoolden prior to the trial. The plaintiff contends also that the defendant has waived any right to rely upon any breach of the provision requiring the co-operation of the assured by reason of the fact that the counsel for the defendant company continued as counsel in the case after the knowledge of the failure to co-operate on the part of Schoolden.

The plaintiff in support of its contention that the defendant has waived its right to insist on the invalidity of the policy because of the lack of co-operation of Schoolden relies upon the following alleged facts. During the trial of the *Schoolden Case,* Schoolden gave testimony tending to show his responsibility for the accident. The defendant now contends this was at variance with his former statements which it alleges exonerated him completely. This is claimed to constitute a failure to co-operate. Instead of Schoolden's counsel immediately, on his giving his testimony at variance with the previous statements retiring or offering to retire from the case and denying the liability of the company, they continued as counsel and completed the trial. The plaintiff's counsel contends this was a waiver of the claim of lack of co-operation. There is, I think, no doubt that the law requires an insurer who knows that the assured has failed to co-operate to immediately deny further liability if it expects later to take advantage of that failure to co-operate. The insurance company cannot after knowledge of the failure to co-operate, undertake the general defense of an action and, in case of an adverse verdict, then have recourse to its own defense of failure to co-operate. Its failure to take advantage of its knowledge will be deemed a waiver. The cases are collected in 72 *A. L. R.*

1446, *note; Allegretto v. Oregon Automobile Ins. Co.,* 140 *Or.* 538, 13 *P.* (2*d*) 647; *Miller v. Union Indemnity Co.,* 209 *App. Div.* 455, 204 *N. Y. S.* 730; 13-14 *Huddy on Automobiles,* § 299.

In all these cases knowledge of the failure to co-operate was acquired before the trial began.

The case of *Solomon v. Preferred Acc. Ins. Co.,* 132 *Misc.* 134, 229 *N. Y. S.* 257, is strongly analogous to the present case. There the insured gave a statement which exonerated himself and placed the blame on the driver of another car. The insurance company undertook the defense of the action. On the trial the insured who had given the statement testified to different state of facts with a resulting judgment against him. Execution having been returned unsatisfied, suit was brought against the insurance company. It was contended there, as here, that the continuance in the case of the counsel employed by the insurance company was a waiver of the right to rely on the defense of no co-operation. The Court drew a distinction between the cases where the knowledge of the lack of co-operation was acquired before trial and held that when the knowledge was suddenly acquired after the defense of the action was begun that then the question as to whether the continuance in such action was a waiver of the defense constituted a question of fact for the determination of the jury. I am of the same opinion.

The counsel was not entirely a free agent; he was an officer of the Court and could not have withdrawn without application to and leave of the Court. He was the attorney of record of Schoolden and of Schoolden alone; his duty may have required him to continue to represent Schoolden and take all action in his interest that the circumstances might require. The anomalous fact that counsel for Schoolden, the only defendant, was also counsel for the insurance company carrying insurance on the truck operated by Schoolden would not entirely change this responsibility.

The jury may, from the facts of the case, determine whether the continuance of counsel in the conduct of the litigation after they knew of the alleged lack of co-operation by Schoolden constituted or did not constitute a waiver on the part of the insurance company to subsequently rely upon that lack of co-operation in a subsequent suit.

As heretofore stated, the question of whether or not there has been any failure to co-operate on the part of Schoolden is a question for the jury to determine. If you should determine that there has been a failure to co-operate and that such failure in such a material amount and character of the testimony as to destroy the rights of the defendant under the policy, then the liability of the defendant under the policy would be terminated. If, however, you should determine that there had been no failure to co-operate or that any failure to co-operate was in a minor particular and did not militate against or destroy the defense by the defendant in the former proceeding, then the liability of the defendant would not be discharged under the policy for this reason.

In determining whether the variance between the testimony of Schoolden as given at the trial and the statements of Schoolden as given prior to the trial constituted a failure to co-operate with the company in the conduct of the trial, consideration should be given by the jury to the extent of such variance or discrepancy. A mere discrepancy in minor detail or an honest mistake between the several statements of the facts surrounding the automobile accident would not be sufficient to avoid the policy, but a material or intentional or fraudulent variation of the statements would constitute a failure to co-operate.

It is perfectly competent in this connection in determining whether or not the insured was guilty of a failure to co-operate to consider the written statement by the assured tending to exonerate himself from liability together

with his testimony in the case and to use these facts, with all others, to determine whether or not the assured has in fact failed to co-operate in a material degree.

The law does not favor forfeitures of insurance, nor will it allow the forfeiture where the party claiming the forfeiture has not made use of such claim of forfeiture at the earliest opportunity.

For these reasons the burden of proving a forfeiture lies strongly against the defendant and proof of waiver of the forfeiture is readily admitted.

Every provision in an insurance policy will be construed more strongly against the insurer, the insurer having chosen the language employed in the policy.

Summarizing, therefore, and in conclusion I will attempt to condense the matters for your consideration within a small compass.

Your verdict should be for the defendant if you should find from the evidence that there has been a breach of any material provision of the policy, the breach of which has not been waived by the company. In particular, I would say:

1. That your verdict should be for the defendant if you should find from the testimony that the provision in the policy that the automobile truck would be operated principally in Baltimore was broken and not complied with by the insured and should further find that there has been no waiver of the breach of this condition by the defendant company.

2. Your verdict should also be for the defendant if you should find that the provision of the policy providing for the cooperation and assistance of Scolaro and Schoolden was not complied with by Schoolden and should further find that the company has not waived the right to rely upon such failure to co-operate.

In order to find a verdict for the plaintiff you must find that no one of the defenses relied upon by the defendant is sufficient to defeat the claim of the plaintiff. In doing this you should find some one or more of the following facts:

1. Either that the representation or warranty as to the use of the truck in Baltimore has not been breached by the assured, or, if such breach has occurred, that such breach has been waived by the defendant;

2. That there has been no breach of the provision as to co-operate by the assured or if such failure to co-operate has been proved, there has been a waiver thereof by the defendant.

(The Court here charged on the rules as to the preponderance of evidence and conflict of testimony.)

If your verdict should be for the plaintiff, it should be for such sum as you may find from the evidence it has been injured by the failure of the defendant to observe the terms of its written agreement, not exceeding the sum of $5,000, with interest.

If your verdict should be for the defendant, it should simply be a verdict for the defendant.