EMPLOYERS' LIABILITY ASSUR. CORP., OF LONDON, ENGLAND, v. CHICAGO & BIG MUDDY COAL & COKE CO.

(Circuit Court of Appeals, Seventh Circuit. August 1, 1905.)

No. 1,155.

INSURANCE—EMPLOYERS' LIABILITY INSURANCE—ESTOPPEL TO DENY LIABILITY.
 Under a policy insuring an employer against loss from liability for damages on account of personal injuries to employés, which required the assured to give the insurance company immediate notice of any accident, with full particulars, prohibited any settlement therefor without the company's consent, and in case of suit required the company to defend, giving it exclusive control of the defense and power of settlement, unless it elected to pay the policy, where the company took such control of a suit with full knowledge of the ground of action, and conducted the defense in the name of the assured to judgment, such action constituted a contemporaneous construction of the policy, which estopped the company from thereafter denying its liability on the ground that the case was not within the terms of the policy.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

The action in the Circuit Court was to recover on a policy of insurance, indemnifying the defendant in error against loss, for common law or statutory liability, for damages on account of bodily injuries, fatal or non-fatal, suffered within the period of such policy, by any employé of the defendant in error. The occasion of the suit was that one Charles Coats, an employé of defendant in error, while on duty as such employé, in its coal mine, was struck by a large piece of slate falling from the roof of the mine, receiving injuries resulting in death.

After the death of Coats, an action was commenced by Nancy C. Coats, widow, to recover damages for the loss of her husband's life. In the suit of

Nancy C. Coats, the declaration in its first count, averred that contrary to the statute of Illinois relating to coal mines, the defendant in error had willfully and negligently failed and neglected to have its mine examined, and its working places marked, by a duly authorized examiner, on the day when the accident occurred: and in its second count, that the defendant in error willfully failed and neglected to furnish, though demanded by Coats, props, caps and timbers of suitable length and dimensions, for securing the roof of the working place in the mine in which he worked, though the lengths and dimensions of such props, caps and timbers had been specified theretofore by Coats.   In addition to the two counts, the declaration as originally filed, contained a further count—the common law count—that it was the duty of the defendant in error to furnish Coats a reasonably safe place in, and safe appliances with, which to work.   But this count was dropped by amendment before the Coats case came to trial.

Upon the commencement of the action by Nancy C. Coats, the plaintiff in error retained attorneys to defend it; a copy of the declaration was furnished to the plaintiff in error; all the facts on which the action was based, and all the pleadings were furnished plaintiff in error; in short, full dominion of the action was given to it.  Whereupon, as averred in the declaration, the plaintiff in error, wthout any disclaimer of liability on its part, and without notifying the defendant in error in any way, that it would in any event consider itself absolved or discharged from liability to pay any judgment, which might be recovered in said action against the defendant in error, represented to and assured the defendant in error that it would take full charge of the action, and assume all responsibility for the same, and protect and save harmless defendant in error from the same, and from any judgment which might be recovered therein.   Under the dominion thus acquired by plaintiff in error, the action went to trial, resulting in a judgment for three thousand dollars and costs; which judgment the defendant in error has since satisfied.

Upon this state of facts a jury having been waived, the court below, in the action now under review, found that all the allegations of the defendant in error's declaration were true, save one relating to expenses for settlement; and gave judgment for defendant in error, for the sum of three thousand, one hundred seventy-nine dollars, and sixty cents.   There was no motion, in the court below, for judgment for plaintiff in error; no motion for a new trial; and no motion in arrest of judgment.

The first four assignments of error simply challenge the court's findings on account of specific facts, and solely because the given fact involved was found, or not found.   The fifth and sixth challenge the court's conclusions of law.

Further facts are stated in the opinion.

Wm. C. Quarles, for plaintiff in error.

Frank M. Hoyt, for defendant in error.

Before GROSSCUP and BAKER, Circuit Judges, and ANDERSON, District Judge.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

We see no way of reviewing the first four assignments of error.   The specific facts, to which they relate, were merged in, and are determined by, the general finding of the court.   It is difficult, too, to see how, under the fifth and sixth assignments of error, there being no motion for a new trial or in arrest of judgment, there can be any case made here. But objection on that score being waived, we are willing, without approving the correctness of the practice involved, to pass upon the point of merit raised.

The point made is this:   The policy of assurance indemnifies against loss from common law or statutory liability for damages on account of

bodily injuries fatal or non-fatal; but exempts therefrom injuries occasioned by reason of the failure of the assured to observe any statute affecting the safety of persons, or any local ordinance, of which it has knowledge.

But the policy provides, also, that upon the occurrence of an accident, immediate written notice, with the fullest information obtainable, shall be given to the assurer; and that upon any such suit being brought for damages on account of the accident, the assured shall not settle any claim except at his own costs; nor incur any expense; nor interfere in any negotiation for settlement, or in any legal proceeding, without the consent of the assured previously given in writing—the assurer undertaking, at its own cost, to defend or settle actions in the name of the assured, unless the assurer shall elect to pay the assured the indemnity.

What construction would be put upon the general contract of assurance, as modified by the exemption indicated, and how that might affect defendant in error's right to indemnity on the facts stated, had plaintiff in error elected not to take the Coats case out of defendant in error's control, we need not here determine; for the act of the plaintiff in error, in taking control and dominion of the action for damages, and keeping such control and dominion until judgment was entered, without notice to the defendant in error that it did not consider itself liable under the policy—thereby taking from the defendant in error the control and dominion of the action—is such a construction of the policy, by contemporaneous acts, as estops plaintiff in error from denying liability, now that that action is at an end. To take any other view of this case, would be to hold that the assurer could effectually tie the hands of the assured, in an action that might, or might not, on a close construction of the policy, be covered by the terms of the policy, and then, the cause being determined against it, insist that upon a closer reading of the policy, the assured ought to have been left to make its own defense, and at its own risk. This cannot be the law. The judgment below will be affirmed.