EMPIRE STATE SURETY CO. v. PACIFIC NAT. LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. October 7, 1912.)

No. 2,115.

1. NOTICE (§ 15*)—SERVICE—BURDEN OF PROOF—MAILING OF LETTER.

On an issue as to whether a notice claimed to have been sent by mail by defendant to plaintiff was received by plaintiff, proof that an envelope was mailed by defendant and received by plaintiff is not conclusive that the notice was inclosed, and where its receipt is denied the issue is one for the jury, on which the burden of proof remains on defendant.

[Ed. Note.—For other cases, see Notice, Cent. Dig. § 41; Dec. Dig. § 15.*]

2. INSURANCE (§ 388*)—EMPLOYER'S LIABILITY INSURANCE—ESTOPPEL TO DENY LIABILITY.

Defendant issued to plaintiff an employer's liability policy of insurance containing a proviso that it should not be liable for any loss arising from an injury to an employé due to the failure of plaintiff to observe any statute affecting the safety of persons. An injured employé brought suit against plaintiff, and defendant, as permitted by the contract, took exclusive charge of the defense with plaintiff's consent, and carried the case to the Supreme Court of the state, where a judgment for the plaintiff therein was affirmed. Held, that by so doing defendant waived any defense of nonliability under its policy because of such proviso.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026–1040, 1057; Dec. Dig. § 388.*]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington.

Action at law by the Pacific National Lumber Company against the Empire State Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John P. Hartman, of Seattle, Wash., for plaintiff in error.
H. G. & Dix H. Rowland, of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. About June, 1909, the Empire State Surety Company, plaintiff in error here, made its policy of insurance to the Pacific National Lumber Company, a lumber corporation, defendant in error herein, wherein the Surety Company, for the period of a year from June 15, 1909, insured the Lumber Company against loss resulting from all liability imposed by law upon the Lumber Company for damages on account of bodily injuries caused by accident occurring to any employé while employed in the lumber mills owned and operated by the Lumber Company, and also against the cost of defense in any suit brought against the Lumber Company, and based upon bodily injury suffered by any of its employés. About October 6, 1909, while the policy referred to was in force, one Charles H. Anderson, an employé of the Lumber Company, was injured by an ac-

cident in the sawmill, whereupon the Lumber Company, acting under the provisions of the policy, notified the Surety Company of the accident. Thereafter, on November 24, 1909, Anderson commenced suit in the state court of Pierce county, Wash., against the Lumber Company, to recover damages which resulted from his accident. He relied upon the failure of the Lumber Company to guard a certain saw and pulley. The Lumber Company answered, and tendered the defense of the action to the Surety Company, though the case was carried on in the name of the Lumber Company. Anderson recovered judgment. The Surety Company, acting by its counsel, Mr. Hartman and Messrs. Hayden & Langhorne, appealed the case in the name of the Lumber Company to the Supreme Court of the state of Washington. That court, on December 1, 1910, affirmed the judgment of the superior court. Anderson v. Pacific National Lumber Company, 60 Wash. 415, 111 Pac. 337. Thereafter the Lumber Company paid the judgment, and then demanded payment of the amount from the Surety Company. The Surety Company refused payment. This suit was then brought, in January, 1911, by the Lumber Company against the Surety Company, to recover the amount of the judgment and costs. The Surety Company answered, and pleaded affirmatively that before assuming the defense of the cause in the superior court of the state it was agreed in writing between the Surety Company and the Lumber Company that the Surety Company should not waive any of its rights under the policy because of failure on the part of the Lumber Company to comply with the terms thereof, but that all rights on behalf of the Surety Company were reserved, to be enforced at any time, and that in accordance with such understanding the defense of the suit was made by counsel for the Surety Company, and that in this action it is seeking to enforce its rights under the said policy. The answer then pleads a provision in the policy which reads as follows:

"B. This policy does not cover loss nor expense arising out of or resulting from death or injuries suffered or caused by (d) the failure of assured to observe any statute affecting the safety of persons, or any local ordinance of which assured has knowledge"

—and sets up that Anderson's action for damages and his recovery were based solely upon the failure of the Lumber Company to comply with the laws of the state of Washington providing for the guarding of dangerous machinery. Replication was filed, trial before a jury was had, and evidence was heard. It was admitted that the Surety Company assumed the defense in the case of Anderson v. Lumber Company in the courts of the state; but it is now contended that the defense to the action in the state court was subject to a notice hereinafter referred to, alleged to have been inclosed in a letter sent to the Lumber Company before the pleadings were served upon the Lumber Company. The notice purported to be a reservation of all rights under the policy of insurance, and under which the Surety Company assumed the defense of the action begun in the state court by Anderson against the Lumber Company. In due course, as the trial proceeded, it became material to determine as a fact whether the

Surety Company had sent to the Lumber Company the notice referred to, which the Surety Company claimed it mailed on or about December 27, 1909.

To support its allegations, the Surety Company offered testimony to the effect that on November 23, 1909, it had telegraphed from New York to its agent in Seattle to notify the Lumber Company, in Washington, that it "accepted notice under reservation of rights"; that a letter to the Lumber Company, dated December 27, 1909, containing a notice of reservation of rights, dated December 4, 1909, had been sent by Mr. Hartman, of counsel for the Surety Company, to the office of Messrs. Hayden & Langhorne, also counsel for the Surety Company; that such letter, with the notice, was received at the office of Messrs. Hayden & Langhorne and mailed by some one there to the Lumber Company. The witness, who identified the copy of the letter which purported to contain the notice referred to, said that he could not positively say whether or not he mailed the letter; nor could he swear that there was an inclosure of a notice of reservation in any letter which he had mailed, inasmuch as he sometimes left such things to the stenographer in the office. The Surety Company also offered a United States registry return receipt, showing that on December 30, 1909, a registered letter had been delivered to the Lumber Company at Tacoma, for which receipt had been signed by I. A. Willis, as agent.

To meet the foregoing evidence, the Lumber Company offered testimony tending to show that no such notice or letter was ever seen by the persons who opened the mail, or by the officer of the Lumber Company who attended to anything of importance, and that no notice of reservation of any rights or denial of liability by the Surety Company had ever been received, with the exception of a letter containing such a notice, dated November 19, 1910, which was many months after verdict was rendered in the case of Anderson v. Lumber Company, and after the case had been appealed to the Supreme Court of the state. The stenographer for the Lumber Company testified that she usually had charge of filing the correspondence; that she had no recollection of ever having seen any letters or papers like the copy of a notice dated December 4, 1909, offered by the Surety Company; and that, although she had made search of the office files, she could find no such papers, but that she did find the notice of reservation of rights dated November 19, 1910.

Upon the issue as thus substantially presented, the court instructed the jury, and by consent submitted a special interrogatory, asking them whether the Lumber Company had received the paper dated December 4, 1909, purporting to be a reservation of rights under which the Surety Company assumed the defense of the action in the state court, wherein Anderson was the plaintiff and the Lumber Company was the defendant. The jury answered the question, "No." Thereafter the court overruled the Surety Company's motion for a new trial, and granted the motion of the Lumber Company for judgment on the special finding. Judgment was entered accordingly, and by writ of error the case was duly brought to this court.

We do not see how the Surety Company can overcome the force of the special finding of the jury to the effect that the Lumber Company never received notice of reservation of rights before the trial of the case of Anderson v. Lumber Company. An envelope bearing a registry stamp, and which would ordinarily be presumed to contain a letter, sent by the Surety Company or its agents, Kennard & Co., to the Lumber Company on December 27, 1909, was undoubtedly receipted for by the Lumber Company on December 30, 1909; but under the evidence, whether the envelope contained any notice of reservation or other inclosure was at most very uncertain. No witness was able to testify positively that he inclosed the notice claimed to have been sent, or mailed the letter which it is contended contained the inclosure, while there is evidence that no such notice ever was seen or read or filed by any one in the office of the Lumber Company. There was a clean-cut question of fact. The jury may have taken the view that the managers and trusted employés of a business house would not deliberately misstate what happened concerning the contents or inclosures in an envelope addressed to it by mail, and that probably, through inadvertence or carelessness or mistake, the letter and paper claimed to have been transmitted were not sent at all. But, however that may be, what were the fair inferences from all the circumstances and facts became matters for the jury; and as there was ample evidence to sustain the conclusion reached, and as the lower court upheld the finding, unless error of law was committed, there is nothing to justify us in setting it aside.

[1] But it is argued in behalf of the Surety Company that, in submitting to the jury the question whether or not the notice of reservation was received by the Lumber Company, the court erred in not charging that, after the registry receipt signed by the agent of the Lumber Company was produced in evidence, the burden of proof rested upon the Lumber Company, and not upon the Surety Company. The court, however, expressly instructed that if it was found from the evidence that the notice was inclosed in an envelope, that the postage was paid, and that the envelope was addressed to the Lumber Company at its usual post office address, the presumption of law was that the notice was received. Then, to explain, the court added:

"Of course, that presumption can be overcome by testimony on the part of the plaintiff to the effect that it was not received. A receipt, a registry receipt, has been offered in evidence here, and you have a right to consider that in connection with the other testimony in the case, and give it such weight as you deem it entitled to. * * * As I have stated, the burden of proof is upon the defendant to show by the preponderance of testimony that the notice was received, and it is for you to say whether or not the plaintiff did in fact receive it."

Considering the testimony as to any inclosure or receipt of a notice of reservation, the Surety Company has no just ground to complain of this statement by the court. The essential question was correctly put, and it would have been error for the court to have assumed that the proof conclusively showed, not alone the

sending of an envelope, but also that any envelope sent inclosed a notice of reservation of rights by the Surety Company. Where it appears that a letter properly addressed is mailed, the presumption is that it will be or has been duly delivered; but, if the addressee denies the receipt of the letter, a question of fact arises, and it is for the jury to ascertain the truth. Rosenthal v. Walker, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395; Davidson S. S. Co. v. United States, 142 Fed. 315, 73 C. C. A. 425. Here there was denial of receipt of letter and notice.

[2] It follows that the Surety Company, having taken charge of the defense of the rights of the Lumber Company in Anderson's suit for damages, must be regarded as having done so without qualification by way of reservation of any rights it may have had arising out of the excepted risks of failure of the assured to guard the saw, as was required by the statute of the state of Washington, as included in schedule B of the policy. The reasons which may have impelled the Surety Company to take up the defense of the action instituted by Anderson against the Lumber Company, and to waive the defense that the risk was not covered by the policy, are immaterial to the present case. Under the policy, it had a right to defend the action; but, having selected its counsel and tried it under the general agreements of its policy, it is not just that it may, after verdict and judgment, defeat liability, upon the ground that the accident occurred because the assured failed to observe a state statute providing for the greater safety of employés. This doctrine is not a harsh one, for it rests upon the ground that in a legal proceeding one is precluded from taking a position inconsistent with the one previously assumed by him, and to the prejudice of a third person, merely because it may be for his interests to do so. So, having elected to take the matter of defense off the hands of the Lumber Company, under its own control, and the Lumber Company having acquiesced in its conduct, it will be regarded as having waived the point of exemption upon the ground already stated. David Tozer v. Ocean Accident & Guarantee Corporation, Ltd., 94 Minn. 478, 103 N. W. 509; Glens Falls Portland Cement Company v. Travelers' Insurance Co., 162 N. Y. 399, 56 N. E. 897; Royle Mining Co. v. Fidelity & Casualty Co. of New York, 126 Mo. App. 104, 103 S. W. 1098.

In Employers' Liability Assurance Corporation of London, England, v. Chicago & Big Muddy Coal & Coke Co., 141 Fed. 962, 73 C. C. A. 278, the policy was very like the one involved in this action, in that it indemnified against loss from common-law or statutory liability for damages on account of bodily injuries, but exempted therefrom injuries occasioned by reason of the failure of the assured to observe any statute affecting the safety of persons. The policy there, as here, also provided that, upon the happening of an accident, notice should be given to the assurer, and that, if suit was brought, the assured should deliver all papers and information to the assurer, and must not interfere in any settlement or legal proceeding, nor assume any liability, without the consent of

the assurer; the assurer undertaking at its own costs to defend or settle actions in the name of the assured. The Court of Appeals said:

"What construction would be put upon the general contract of assurance, as modified by the exemption indicated, and how that might affect defendant in error's right to indemnity on the facts stated, had plaintiff in error elected not to take the Coats Case out of defendant in error's control, we need not here determine; for the act of the plaintiff in error, in taking control and dominion of the action for damages, and keeping such control and dominion until judgment was entered, without notice to the defendant in error that it did not consider itself liable under the policy—thereby taking from the defendant in error the control and dominion of the action—is such a construction of the policy, by contemporaneous acts, as estops plaintiff in error from denying liability, now that that action is at an end. To take any other view of this case would be to hold that the assurer could effectually tie the hands of the assured, in an action that might, or might not, on a close construction of the policy, be covered by the terms of the policy, and then, the cause being determined against it, insist that, upon a closer reading of the policy, the assured ought to have been left to make its own defense, and at its own risk. This cannot be the law. * * *"

We are impressed by the fairness of this rule, and our conclusion is that, if it was the intention of the Surety Company to claim that the policy did not cover the accident, its duty was to have notified the Lumber Company promptly of that ground, so that the Lumber Company could have taken charge of the defense. But when it failed to give any such notice before it went into the defense of the case at the trial in the superior court of the state, the Lumber Company had a right to assume that the Surety Company would defend the suit, as it did, under the general clauses of the policy.

Under this view of the case, the fact that the Surety Company in November, 1910, gave a notice of reservation of rights, upon the ground of failure to observe a state statute affecting the safety of persons, is immaterial, because, as already shown, the trial was had and judgment had been entered in the state court on March 10, 1910, or some nine months before the notice was sent.

Other assignments of error are made, but are of minor importance. We have examined them, but they are not well taken. No prejudicial error in the rulings upon the admission or exclusion of evidence appears; nor was the court in error in refusing to grant the motion for a directed verdict.

The judgment is affirmed.