384    APPELLATE COURTS OF ILLINOIS.

Columbian Three Color Co. v. Aetna L. Ins. Co., 183 Ill. App. 384.

premiums on a life insurance policy. From a judgment for defendant, plaintiff brings error.

PERCIVAL STEELE, for plaintiff in error; HARVEY L. CAVENDER, of counsel.

EDWARD H. MORRIS and T. WEBSTER BROWN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

This case *held* to be controlled by the decision in the *Equitable Trust Co. of New York v. Harger*, 258 Ill. 615, in which it was held that the same party as plaintiff was not entitled to recover on a similar writing, under similar circumstances.

---

### Columbian Three Color Company, Plaintiff in Error, v. Aetna Life Insurance Company, Defendant in Error.

### Gen. No. 18,276.

1. INDEMNITY, § 11*—*when conditions in policy for indemnity insurance waived.* Where a casualty company after being notified pursuant to the terms of the policy takes charge of and conducts the defense of the assured, when it knows, or in the exercise of ordinary diligence should have known that the case was not covered by the policy, it waives the condition of the policy.

2. LIMITATION OF ACTIONS, § 66*—*when amended declaration sets up no new cause of action.* The amended declaration in an action on an indemnity insurance policy does not set up a new and different cause of action than that stated in the original declaration where the difference is only as to the dates stated in describing the policy sued upon which dates are merely descriptive of the policy and are laid under a *videlicet.*

3. PLEADING, § 432*—*use of videlicet.* The use of a *videlicet* is to avoid a variance and to avoid a positive averment which must be strictly proved.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

4. LIMITATION OF ACTIONS, § 66*—*amended declaration filed after statute has· run.* An action on a policy of indemnity insurance which provides that action thereon shall be brought within ninety days after the payment of loss or expense by the insured is not barred where the original declaration is filed within the ninety day period, though an amended declaration is filed after the period has elapsed, where the two declarations set up the same cause of action.

Error to the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 24, 1913.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for plaintiff in error; WADE W. MELOAN, of counsel.

ROBERT J. SLATER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

In a suit brought by the plaintiff in error against the defendant in error in the County Court of Cook county, the plaintiff below filed an amended declaration in which it averred, in substance, that on Nov. 10, 1906, for and in consideration of the sum of seventy-two dollars the defendant issued to the plaintiff an "Employes Liability Policy," covering a period of thirty-six months, from November 10, 1906, to November 14, 1909; that thereafter during the life of said policy an employe of the plaintiff, Jennie Fisher, brought suit against the plaintiff for damages for personal injuries and the defendant appeared therein and represented the plaintiff, in that suit being the defendant, and conducted the defense therein; that a verdict and judgment was there obtained by the said Jennie Fisher for one thousand dollars against the plaintiff herein; that thereafter the defendant herein refused to further make a defense in the said suit and disclaimed any liability to the plaintiff herein under the said policy; that this plaintiff thereupon paid the said judgment of

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Vol. CLXXXIII 25

one thousand dollars, and to recover therefor under the terms of the said policy brings its suit, etc.

The policy in question provided that "No action shall lie against the Company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within ninety days after payment of such loss or expense."

The suit was begun and the original declaration herein was filed within ninety days of the payment of the said judgment and the said declaration averred that the suit was brought on a policy executed and delivered November 14, 1907, covering a period of twelve months from November 14, 1907, to November 14, 1908. The amended declaration was filed subsequent to the said ninety days and is substantially the same as the original except an averment of a consideration and different dates stated in describing the policy sued upon, more particularly mentioned hereafter. To the said amended declaration the defendant filed certain pleas of the statute of limitations, setting up the said facts and averring that the said amended declaration set up a new and different cause of action. To these pleas the plaintiff demurred and the court overruled the demurrers. The plaintiff electing to abide by its demurrers, the court entered judgment of *nil capiat,* to reverse which this writ of error is prosecuted.

To sustain the said pleas of the statute of limitations the defendant contends that the first declaration set up no cause of action, because there was no averment of a consideration for the issuance of the said policy, and further, that it appeared from the declaration that the cause set up in the amended declaration was upon another and different policy than that set up in the original declaration as shown by the dates thereof and the periods of time covered therein. It is well settled that if the original declaration fails to state any cause

of action, that a cause of action set up by an amended declaration after the running of the statute of limitations is barred, and that a plea of the statute of limitations to such amended declaration is good. So also is such a plea good to an amended declaration setting up a new and different cause of action than that set up in the original declaration when filed after the running of the statute of limitations.

The objection that the original declaration failed to state a cause of action, because there was no averment of a consideration would be good on demurrer; but it seems to us that the declaration clearly stated a cause of action, but defectively. It appeared from the pleadings that only one policy was issued by the defendant to the plaintiff and in force at the time of the accident to the said Jennie Fisher. That the amended declaration set up a new and different cause of action than that stated in the original declaration, we would agree, were not the dates in both of the said documents merely descriptive of the said policy, not of the essence of the issue, and laid under a *videlicet*. Bouvier says: "The office of the *videlicet* is to mark that the party does not undertake to prove the precise circumstances alleged; and in such cases he is not required to prove them." In *Brown v. Berry,* 47 Ill. 175, the Court says: "The use of the *videlicet* is to avoid a variance and to avoid a positive averment which must be strictly proved," and is quoted in an interesting discussion on the use of a *videlicet* in *Rose v. Mutual Life Ins. Co.,* 144 Ill. App. 434, to which we refer; *City of St. Charles v. Stookey,* 85 C. C. A. 494, 154 Fed. 772, and reference there made to volume 39 Am. Dig. (Cent. Ed.), §§ 1306, 1311. Also see 19 Cyc. Pl. & Pr. 251.

The defendant assigns cross-errors and contends that if the court should hold that the pleas of the statute of limitations were not good, nevertheless the judgment should be affirmed for the reason a good and lawful defense was interposed by it by certain pleas that in substance set forth that the said policy expressly

provided: "This policy does not cover loss or expense arising on account of or resulting from injuries or death to, or if caused by (1) any person employed in violation of law, or any child under the age of fourteen (14) years where there is no legal restriction as to age of employment;" that on a trial of the said cause of Jennie Fisher against the plaintiff the jury specially found that said Jennie Fisher was under sixteen years of age and was employed by the plaintiff at the time of her accident "at employment which may be considered dangerous to the life or limbs of a child under the age of sixteen years," and that such employment was in violation of the law, contrary to the statutes, etc., and contrary to the conditions of the said policy, etc. To these pleas the plaintiff filed replications in substance averring that the plaintiff, as required by the provisions of the said policy, gave notice to the defendant of the said suit, and rendered it all assistance in its power, etc.; that the defendant elected to defend said suit and did so defend same in the name of and on behalf of this plaintiff, at its own cost, etc.; that it then knew the grounds relied upon by said Jennie Fisher were that she was under sixteen years of age and employed at employment that might be considered dangerous, etc., and conducted the defense therein, detailing same to some extent, until after judgment was entered therein, when it disclaimed all liability under the said policy, and thereupon this plaintiff entered into negotiations with the guardian of said Jennie Fisher, etc., and thereafter paid one thousand dollars, etc. To these replications the defendant demurred and the court overruled said demurrers, which ruling the defendant claims erroneous, and by its cross-errors seeks to maintain its said pleas and thereby sustain the judgment.

It is stated in volume 11 Am. & Eng. Encyc. of Law, p. 13: "But the objection that a liability is not within the terms of the policy may of course be waived, and where the insurer undertakes the defense of the action

by the injured party against the insured, with full information as to the character of the injury, it will be deemed to have waived the point that such injury was not one which would have entitled the insured to recovery,'' citing certain New York cases. In *Fairbanks Canning Co. v. London Guaranty & Accident Co.*, 154 Mo. App. 327, substantially the same provision contained in the policy in the case at bar was in the policy there under consideration and relied upon by the insurance company as a defense after it had undertaken to defend the insured, but before trial withdrew therefrom and disclaimed liability; and it was there held that the election of the insurance company to assume the liability was binding on it. To the same effect are *Employers' Liability Assur. Corp. v. Chicago & Big Muddy Coal & Coke Co.*, 73 C. C. A. 278, 141 Fed. 962; *Steven v. Fidelity & Casualty Co.*, 178 Ill. App. 54; *Tozer v. Ocean Accident & Guarantee Corp.*, 94 Minn. 478; *Sanders v. Frankfort Marine Ins. Co.*, 72 N. H. 485; *Globe Nav. Co. v. Maryland Casualty Co.*, 39 Wash. 299.

We think the foregoing authorities establish a general rule that if a casualty company being notified pursuant to the terms of the policy takes charge of and conducts the defense of the assured, when it knows, or in the exercise of ordinary diligence should have known, that the case was not covered by the policy, it waives the condition of the policy. To hold otherwise would be to place the insured within the tender mercies of the insurer whose real object might be to establish its own defense of nonliability under a pretended defense of the insured. We think the trial court did not err in overruling the defendant's demurrers to the plaintiff's said replications.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*