ESTHER SOLOMON, Respondent, *v.* PREFERRED ACCIDENT INSUR-
ANCE COMPANY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, May 15, 1928.

Insurance — automobile liability insurance — action under Insurance
Law, § 109, to recover from insurance carrier where judgment against
insured is unsatisfied — insured's written statement following accident
showed no liability — testimony was contrary to written statement —
defense that insured failed to co-operate with defendant — evidence —
written statement by insured is admissible — no evidence that defend-
ant undertook defense of action against insured with knowledge of
breach of terms of policy — question of fact whether counsel for insured
should have abandoned defense when he discovered that insured's
testimony was contrary to written statement — counsel for insured
could not bind defendant according to record of case — evidence may
be introduced to explain written statement and to disprove lack of
co-operation.

The plaintiff seeks to recover, under section 109 of the Insurance Law, against the
defendant, who issued a policy of automobile liability insurance, on the ground
that a judgment against the insured is unsatisfied.  The defense to this action
is that the insured failed to co-operate in the defense of the prior action and is
based on the fact that the insured made a written statement after the accident
which exonerated himself from liability, while, on the trial of the action, the
insured testified to contrary facts which tended to establish that he was liable
for the accident.  The defendant had the right to introduce in evidence the
written statement made by the insured for the purpose of showing lack of
co-operation.

The principle that where an insurance carrier defends an action against its insured,
with knowledge of a breach of the policy by the insured, such action constitutes
a waiver of the alleged breach in a subsequent action against the insurance
carrier, has no application in this case, for the record does not disclose that the
defendant had any knowledge that the insured failed to co-operate with it.  In
fact, such knowledge did  not come to the defendant until the trial.

Whether or not, when the defendant discovered on the trial that the insured was
not co-operating with it, its action in continuing the defense constituted a waiver,
presented a question of fact.  Moreover, the record does not show any authority
on the part of counsel for the insured to bind the defendant in that respect, for,
while he was evidently retained by the defendant herein, presumably his
duty and his authority were confined to the conduct of the trial against the
insured.

Upon a new trial the plaintiff is at liberty, if the written statement is offered in
evidence, to introduce testimony tending to explain it or to show the circum-
stances under which it was given, and generally to disprove its weight as showing
that the insured did not co-operate.  Likewise, the plaintiff may show that, in
another trial involving the same accident, the insured testified as he did in the
trial brought by the present plaintiff against the insured.  This evidence is
admissible to show knowledge on the part of the defendant that the insured was
not co-operating with it, and thereby show a waiver of the condition of the
policy.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff after a trial by a judge without a jury.

*Harry A. Talbot* [*Harold R. Medina* and *Edward Gluck* of counsel], for the appellant.

*Louis J. Schwartz*, for the respondent.

BIJUR, J.  This action is brought under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) which permits a person injured through fault of an automobile owner who is insured and against whom such person has recovered an unsatisfied judgment to maintain an action against the insurance company " under the terms of the policy " for the amount of the judgment theretofore recovered against the assured.  In the instant case plaintiff was a passenger in the car of one Ohrbach, who held a policy issued by the defendant. Ohrbach gave the defendant a written detailed statement of the occurrence which exonerated himself from liability and placed the blame on the driver of another car.  The defense of the action brought by plaintiff against Ohrbach was undertaken by the defendant insurance company.  On the trial Ohrbach testified to a different state of facts with a resulting judgment against him. Execution having been returned unsatisfied, plaintiff brought this action.  Both sides concede that if defendant had an adequate defense " under the terms of the policy " against Ohrbach, it would be available against plaintiff.  (*Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667, 669; *Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 id. 796; *Coleman* v. *New Amsterdam Casualty Co.*, 126 Misc. 380; affd., 220 App. Div. 748; affd., 247 N. Y. 271.)  Defendant has interposed the defense of failure on the part of Ohrbach to " at all times render to the company all co-operation and ass'stance within his power," as required of him by the policy.

Upon the trial of the present action defendant put in evidence the unfavorable testimony of Ohrbach on the previous trial and then offered in evidence his written statement to it, above referred to, which demonstrated his non-liability for the accident.  This was objected to by plaintiff's counsel on the ground that it was " immaterial, irrelevant and incompetent, and not within the issues of this case."  When the objection was sustained defendant's counsel asked on what ground, to which the court replied: " On the ground it is not binding on this plaintiff."  It is evident that plaintiff's counsel and the learned trial judge were under the impression that the statement was offered in some way as an admission against interest by Ohrbach.  It was manifestly offered to

establish an independent fact, namely, Ohrbach's failure to co-oper-
ate with it in the defense of the action, as a breach by him of one
of the conditions of the policy.  (*Coleman Case, supra*.)    The testi-
mony offered was neither immaterial, irrelevant nor incompetent,
was clearly within the issues, and of course, as evidence of *a fact*,
was "binding" on everybody.    Plaintiff, respondent, seeks to
sustain this ruling by a quotation from the case of *Tooley* v. *Bacon*,
(70 N. Y. 34, 37).    "When evidence is excluded upon a mere general
objection, the ruling will be upheld, if any ground in fact existed
for the exclusion."    I do not understand the application of this
passage to the instant case, because the evidence was not excluded
upon a "mere general objection."    But however that may be,
there is in fact no ground upon which the evidence could be validly
excluded.    On the argument of the appeal and in the briefs of
counsel the case of *Roth* v. *National Automobile Mutual Casualty
Co.* (202 App. Div. 667) is much discussed for its bearing on the
admissibility of this evidence.    In the *Roth* case the assured, one
Friedman, gave the defendant company a statement to the effect
that the driver of the car had taken it out against his instructions.
He gave plaintiff's attorney, however, a statement to the effect that
it was taken out by the driver upon his express orders to that effect.
From the verbatim recital, in one of the opinions, of the contents
of both statements of Friedman, it is clear that both were in evi-
dence.    Indeed I find from an examination of the record on appeal
(fols. 89, 90) that the statement in controversy was actually read
into the record.    No doubt the impression of counsel that some
question arose concerning the admissibility in evidence of one of the
two contradictory "statements" is derived from a passage in the
dissenting opinion which may be open to misconstruction.    It first
speaks (p. 673) of a representation made by the assured to the defend-
ant, and later calls that "representation" a statement.    The words
"I am of opinion that the evidence should have been received"
refer not to the contradictory "statements" of Friedman, but to
his "representation" to the defendant that he had given no state-
ment to plaintiff.

Respondent urges finally that "where pursuant to the terms of a
liability policy the insurer defends an action with full knowledge of
assured's alleged breach of policy conditions, such conduct amounts
to a waiver of the alleged breach."    (Citing *Titus* v. *Glens Falls Ins.
Co.*, 81 N. Y. 410; *Miller* v. *Union Indemnity Co.*, 209 App. Div.
455, and other similar cases.)    The principle has no application
to the instant case.    There is nothing upon the present record
to show that this defendant, when it undertook and carried on the
defense of Ohrbach in plaintiff's action against him and had in

its possession his statement exonerating him from responsibility, was aware that he would upon the trial testify differently. When that fact actually developed, counsel conducting the trial *on behalf of Ohrbach,* was, we may assume, bound to continue the defense to the best of his ability. If, however, he was at liberty to either continue in the trial or abandon the defendant on the spot, the question whether his decision in favor of Ohrbach's defense in this emergency constituted a waiver at best presented a question of fact. Ewart in his suggestive work " Waiver Distributed " (p. 6) gives the " usual " definitions of waiver as: " An intentional relinquishment of a known right. A voluntary relinquishment of some rights. The relinquishment or refusal to accept a right. A waiver must be an intentional act with knowledge." It will be observed that the ordinary notion of waiver imports some voluntary or intentional act.

Moreover, the present record does not show any authority on the part of Ohrbach's counsel to conclude defendant in that respect. While he was evidently retained by the insurance company to defend Ohrbach, presumably his duty and his authority were confined to the conduct of the trial.

We express no opinion on the weight, and still less on the conclusiveness, of any of the evidence as bearing upon the issues presented. Since there is to be a new trial, and in view of the exclusion of certain evidence offered by plaintiff during the course of the last trial, we deem it appropriate to point out that when Ohrbach's statement to the defendant has been put in evidence it is open to the plaintiff to introduce testimony tending to explain it, or the circumstances under which it was given, and generally to disprove its weight as establishing " lack of co-operation " on the part of the assured. Similarly it is competent for plaintiff to prove knowledge on the part of the defendant of the nature or substance of Ohrbach's testimony before it undertook his defense as against the previous suit of the present plaintiff. Apparently plaintiff made an effort to prove that defendant was aware that on a previous suit brought by the mother of Ohrbach he had testified to the same effect, but all such evidence was excluded. Testimony of this character or any other which tends to bring home to defendant knowledge of the breach of condition in the policy of Ohrbach before it undertook his defense as against the present plaintiff is material as bearing on plaintiff's claim of waiver of the breach.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.