· ZIEGLER, Respondent v. RYAN (CITIZENS FUND
MUTUAL FIRE INSURANCE CO., of RED WING, MINN.,
et al, Garnishees) Appellants

(285 N. W. 875.)

(File No. 8163. Opinion filed May 24, 1939.)

*Atwater & Helm,* of Sturgis, for Appellants.

*Dan McCutcheon,* of Belle Fourche, for Respondent.

RUDOLPH, J. This case is an outgrowth of the case of Ziegler v. Ryan, 65 S. D. 110, 271 N. W. 767. The defendant Ryan in that case held a policy of insurance issued by the garnishee defendants herein. The plaintiff maintaining that the insurance companies are liable to pay the judgment he obtained against the defendant Ryan, issued a summons and affidavit in garnishment against these garnishee defendants who appeared and served an affidavit denying liability to which affidavit the plaintiff took issue. Thereafter, the action was tried upon the issues as presented, and the trial court entered judgment against the garnishee defendants.

It is the contention of the defendants upon this appeal that they are not liable under the terms of the policy issued to Ryan for reasons, as follows: First, it is contended that the policy specifically exempted the companies from liability if the automobile was used for "carrying passengers for compensation", and appellant contends that the evidence in the case conclusively establishes that at the time the plaintiff, Ziegler, sustained his injuries, he was a passenger for compensation within the meaning of the exception contained in the policy; second, it is contended that under the terms of the policy, the coverage extended only to the use of the car in the business of the defendant Ryan, and that the evidence conclusively establishes that at the time the plaintiff,

Ziegler, sustained his injuries, Ryan was using the car for something other than his business; third, that the coverage of the policy extended only to the use of the automobile "at Sturgis and vicinity", and the evidence discloses that at the time of the injury the car was being used and operated in Minnesota many miles from the city of Sturgis; fourth, that under the terms of the policy the defendant Ryan agreed to cooperate with the garnishees in defending the case against the claims of the plaintiff, and that the evidence discloses that Ryan failed to cooperate with the garnishees contrary to the terms of the policy. Respondent first maintains that none of appellants' contentions are borne out by the evidence, but respondent further maintains that even conceding that the aforesaid claims of the appellant are in accord with the evidence, that, nevertheless, the appellant is not now in a position to assert such claims for the reason that the appellant assumed full charge of the defense in the principal action to the exclusion of the defendant Ryan, knowing all of the facts upon which they now predicate their defense. It is clear that if this court concludes that appellants are in no position because of their actions in conducting the defense in the principal action to maintain the defenses they now assert, this view will dispose of this entire case.

The policy in question contains the following provisions: "The company further agrees to defend in the name and on behalf of the assured, any suit seeking damages for bodily injury or property damage even if such suit is groundless, false or fraudulent and agree to pay, irrespective of the limit of liability stated in the policy, all costs taxed against the assured in any such defended suit, all premiums on attachment and/or appeal bonds, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon."

Further the policy provides: "In the event of loss or damage covered hereby the Assured shall give immediate notice thereof in writing to this Company, * * *. If thereafter suit is brought against the Assured to enforce such claim the Assured shall immediately deliver to the Company every summons or other process served upon the Assured and the Company will at its own cost defend or adjust such suit in the name and on behalf of the Assured."

And further: "The Assured shall not voluntarily assume any liability, settle any claim or incur any expense other than for immediate surgical relief, except at his own cost, or interfere in any negotiation or legal procedure without the consent of the Company previously given in writing."

Prior to the trial of the principal action in circuit court, the garnishees served upon the defendant Ryan an instrument in writing, as follows: "You will please take notice that the Citizens Fund Mutual Fire Insurance Company, of Red Wing, Minnesota, a corporation, and National Implement Mutual Insurance Company, of Owatonna, Minnesota, a corporation, also named as defendants in said action, hereby notify and advise you that they will defend for and on your behalf and in your name the above entitled suit, and you are hereby advised to confer with, consult and furnish to Atwater & Helm, of Sturgis, South Dakota, any information in your possession pertinent to the facts and circumstances surrounding the automobile wreck" etc.

The trial court found and it is without dispute in the evidence: "That the garnishee defendants took entire charge of the defense of the lawsuit from its inception. That they employed their own attorneys and defended the case upon its merits. Further, that the said garnishee defendants after the adverse decision in the trial court took an appeal from the decision of the trial court to the Supreme Court of the state of South Dakota, upon their initiative and paid the entire cost of appeal."

The trial court further found, and it is borne out by the evidence, that all of the facts upon which appellants now predicate their defense were known to appellants either before the trial of the principal action in the circuit court or were discovered by appellants before perfecting their appeal to the Supreme Court. So far as disclosed in this record the appellants never disclaimed liability under the policy they had issued until this proceeding was commenced. It is clear under the findings of the court and the record made that appellants after being advised of all of the facts upon which they now predicate their defense continued with the defense of the principal case and proceeded upon their own responsibility to take, perfect, and have finally determined an appeal in the principal action.

We believe respondent should be sustained in his contentions.

It is clear, under the record in this case, that appellants took complete charge of the litigation in the principal case, to the exclusion of the defendant Ryan, which they had a right to do under the terms of the policy if the alleged liability came within the coverage of the policy. Ryan thereupon surrendered his right to conduct the litigation or negotiate for a settlement. After learning the facts upon which they now claim take the accident outside the coverage of the policy and constitute a forfeiture of rights under the policy, the appellants did not change their course nor in any manner indicate to Ryan that they did not consider themselves bound under the terms of the policy. Had appellants given Ryan to understand, after acquiring knowledge of these facts, that they considered there was no liability upon them, Ryan could then have conducted his own defense, made settlement or acted in any manner that he chose, or he could have permitted the defense to be continued by the appellants knowing that in thus conducting his defense they were acting entirely for him, and not defending against an alleged liability they had incurred under the terms of their policy.

The policy provides, "The assured, when requested by the Company, shall aid in effecting settlements, securing evidence, the attendance of witnesses, and in prosecuting appeals." Failure to comply with this provision by the insured would constitute a forfeiture of his rights under the policy. It is established in this state that, when an insurance company after knowledge of a breach of any of the conditions of the policy upon which it might have insisted upon a forfeiture recognizes the continued validity of the policy it elects to waive such forfeiture and treat the policy as in full force and effect. Alderman v. New York Underwriters' Insurance Co., 61 S. D. 284, 248 N. W. 261. So in this case, we believe that when the insurance company continued its defense of the case and thereafter on its own initiative perfected an appeal, knowing the facts upon which it now claims a forfeiture of Ryan's rights under the policy because of his failure to co-operate in the defense of the case, it elected to treat the policy in force and is not now in a position to claim a forfeiture because of the failure to cooperate. This rule is well stated by Macdonald, C. J. A., in the case of Cadeddu v. Mt. Royal Assurance Co., 2 D. L. R. 867, as follows: "Once the breach came to the knowledge of the ap-

pellant, it had to take a stand. The solicitor by continuing to defend after knowledge could only do so on the assumption that the policy was valid and subsisting. It was a representation by acts that the appellant would assume any judgment obtained within the limits of the policy. The solicitor's right to act at all only arose on the basis that the claim was within the policy unless there was an additional retainer from the respondent to act for him also. Election may be by words or acts. The words were equivocal carrying a proviso but the action or conduct was unequivocal. If he had repudiated liability electing to stand on the breach of conditions the respondent would naturally reconsider his position. He might seek a settlement knowing that he was in jeopardy and succeed in doing so for a less amount than the judgment finally obtained, or at all events, save further costs. What took place was in effect an agreement by conduct with the acquiescence of the respondent that the appellants would assume liability."

See also, Ohio Casualty Ins. Co. v. Beckwith, 5th Cir., 74 F. 2d 75; Blackwood v. Maryland Casualty Co., 24 Ala. App. 527, 137 So. 467; Brooks Transportation Co. v. Merchants' Mut. Casualty Co., 6 W. W. Harr. 40, 36 Del. 40, 171 A. 207; Graham v. United States Fidelity & Guar. Co., 308 Pa. 534, 162 A. 902; Indemnity Co. of America v. Pitts, Tex. Com. App., 58 S. W. 2d 53; Solomon v. Preferred Accident Ins. Co., 132 Misc. 134, 229 N. Y. S. 257; Annotations, 72 A. L. R. 1493; 98 A. L. R. 1481.

 The provision of the policy which excepts liability when passengers are carried for compensation is not a condition the breach of which causes a forfeiture, but is an exception from the risk insured against. However, it is now held by the great weight of authority that, where a liability insurance company assumes and conducts the defense of an action brought against the assured with knowledge of the facts which take the accident or injury outside of the coverage of the policy and without disclaiming liability and giving notice of such disclaimer, it is thereafter precluded in an action upon the policy from setting up the defense of non-coverage. Employers' Liability Assur. Corp. v. Chicago & B. M. Coal & Coke Co., 7th Cir., 73 C.C.A. 278, 141 F. 962; Empire State Surety Co. v. Pacific Nat. Lumber Co., 9th Cir., 118 C. C. A. 410, 200 F. 224; Meyers v. Continental Casualty Co., 8th Cir., 12 F. 2d. 52: Steven v. Fidelity & Casualy Co., 178 Ill.

App. 54; Columbian Three Color Co. v. Aetna Life Ins. Co., 183 Ill. App. 384; Tozer v. Ocean Accident & Guarantee Corp., 94 Minn. 478, 103 N. W. 509; Id., 99 Minn. 290, 109 N. W. 410; Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A., N. S., 184; Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817, 81 A. L. R. 1308; Cowell v. Employers' Indem. Corp., 326 Mo. 1103, 34 S. W. 2d 705; Royle Min. Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 103 S. W. 1098; Id., 161 Mo. App. 185, 142 S. W. 438; Fairbanks Canning Co. v. London Guaranty & Accident Co., 154 Mo. App. 327, 133 S. W. 664; Compton Heights Laundry Co. v. General Accident, Fire & Life Assur. Corp., 195 Mo. App. 313, 190 S. W. 382; Rieger v. London Guarantee & Accident Co., 202 Mo. App. 184, 215 S. W. 920; Klotzbach v. Bull Dog Auto Fire Ins. Assn., — Mo. App. —, 267 S. W. 39; National Battery Co. v. Standard Accident Ins. Co., 226 Mo. App. 351, 41 S. W. 2d 599; Gerka v. Fidelity & Casualty Co., 251 N. Y. 51, 167 N. E. 169; Rosenbloom v. Maryland Casualty Co., 153 App. Div. 23, 137 N. Y. S. 1064; S. & E. Motor Hire Corp. v. New York Indem. Co., 229 App. Div. 232, 241 N. Y. S. 417; Reinhart v. Great American Mut. Indem. Co., 25 Ohio N. P., N. S., 331; Malley v. American Indem. Corp., 297 Pa. 216, 146 A. 571, 81 A. L. R. 1322; Humes Const. Co. v. Philadelphia Casualty Co., 32 R. I. 246, 79 A. 1, Ann. Cas. 1912D, 906; American Indemnity Co. v. Fellbaum, Tex. Civ. App., 225 S. W. 873; Id., 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; Automobile Underwriters' Ins. Co. v. Murrah, Tex Civ. App., 40 S. W. 2d 233; Fullerton v. United States Casualty Co., 184 Iowa 219, 167 N. W. 700, 6 A. L. R. 367; Ornellas v. Moynihan, Mo. App., 16 S. W. 2d 1007; Jaloff v. United Auto Indem. Exch., 120 Or. 381, 250 P. 717; Union Central Life Ins. Co. v. Williams, 5th Cir., 65 F. 2d 240; Beals v. Central Mut. Auto Ins. Co., 269 Mich. 477, 257 N. W. 868; Beatty v. Employers' Liability Assur. Corp., 106 Vt. 25, 168 A. 919; 36 C. J. 1127; and Annotation, 81 A. L. R. 1326.

██ This doctrine, we believe, finds its support in an estoppel rather than in an election. An estoppel arises where by conduct or acts a party has been induced to alter his position, or to do that which he would not otherwise have done, to his prejudice. Lehman v. Smith, 40 S. D. 556, 168 N. W. 857. We believe that under the facts of this case the appellants have estopped them-

selves by their conduct, upon which Ryan relied to his prejudice, from denying that the loss has fallen within the terms of the policy. We do not believe that it can be successfully contended that the defendant in the principal action was not prejudiced when the insurance company stepped into his law suit and assumed full control thereof to his exclusion. This was the defendant's law suit which he might deal with as he saw fit if left to his own desires in the matter. We believe that a loss of the right to control one's own case is itself a prejudice. Especially is this true where an insurance company steps into a law suit. Jurors are quick to perceive in this type of case that an insurance company is conducting the defense, in spite of the desire of courts to keep this knowledge from them. No one, not even a judge, can shut his eyes to the fact that once the jury becomes aware that an insurance company is defending a law suit, there is a much better chance of the plaintiff receiving a substantial verdict than if no insurance company were involved. See Fairbanks Canning Co. v. London Guaranty & Accident Co., supra; Tozer v. Ocean Accident & Guarantee Corp., supra; Humes Const. Co. v. Philadelphia Casualty Co., supra; Malley v. American Indem. Corp., supra; Beatty v. Employers' Liability Assur. Corp., supra.

A good statement is found in the case of Claverie v. American Casualty Co., 4th Cir., 76 F. 2d 570, 571, from which we quote:

"The decision of the District Court rests upon the ground that original primary obligations are not created by waiver, and hence there is no field for the application of the doctrine of waiver in favor of the insured under a policy of liability insurance, when the event, upon which his claim is based, did not give rise to any liability on the part of the insurer when it occurred. To hold the insurer liable under such circumstances would be to create an obligation without giving any consideration therefor, and the result would be the same whether the policy had previously expired or the occurrence did not come within its terms. Belt Auto. Ind. Ass'n v. Ensley Trans. & S. Co., 211 Ala. 84, 99 So. 787; Williston, Contracts, § 763:

"This view, however, is not decisive of the pending case, for it does not recognize that the conduct of the insurer when the accident occurred amounted, not merely to a waiver, but gave rise to an estoppel which precludes the insurer from making the de-

fense upon which it could otherwise rely. With full knowledge that the motorcycle used by the policy-holder at the time of the accident was not covered by the policy, and with specific information nevertheless that the exchange of machines had not increased the risk of accident or loss, the insurance company indorsed the new motor numbers upon the policy, and retained the premium; and, without any notice to the insured that liability under the policy was questioned or denied, it undertook the defense of the action brought by the injured man precisely as it would have done if its liability had been beyond dispute. Since all of this was done by the insurer with its eyes open, we may fairly assume that it perceived some business advantage in the preservation of its reputation and good will, in refusing to take advantage of what would have seemed like a technicality to the man on the street. But, aside from this consideration, the policy-holder was naturally led to believe that liability for any damages recovered in the suit was admitted, and therefore relinquished all control over the litigation, as under the policy he was obliged to do. We have no doubt that there was distinct detriment to the insured in placing the case in the company's hands, unless the company was to pay the loss, for it is common knowledge that the amount recovered in such suits, either through settlement or trial, is likely to be increased when it is known that an insurance company will pay the bill. The elements of what has been called a promissory estoppel were present, in that the policyholder was led to infer that the company intended to abandon its existing right of defense and to indemnify him for loss to the amount of the policy, whereby he was induced against his interests to surrender control of the litigation. Williston, Contracts, §§ 139, 679, 693; Union Mutual Life Ins. Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674; Glens Falls Portland Cement Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897."

We need not in this case make any attempt to state just what would be necessary for the insurer to do before assuming the defense of an action against the insured to reserve its right to defend against liability under the terms of the policy. So far as the facts before us are concerned, the insurers made no attempt to reserve their right to defeat liability under the policy upon any of the grounds that they now allege. By neither word nor conduct did the insurers question their liability under the terms of the

policy until the time they were called upon to pay the judgment. This opinion goes only so far as to hold that in the absence of any reservation or attempted reservation of the right to defend against liability under the policy, an insurance company, by assuming sole charge of the defense in the principal action with knowledge of all the facts elects to waive any forfeiture by the insured and estops itself from thereafter disclaiming liability under the policy upon the ground of non-coverage of the policy.

We are of the opinion that the other contentions of appellants are governed by the principles we have discussed.

The judgment and order appealed from are affirmed.

ROBERTS and SMITH, JJ., concur.

WARREN, P. J., and POLLEY, J., not sitting.